**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**ASHLAND DIVISION**

| | |
|---|---|
| IN RE: | CASE NO. 25-10174 |
| BARE ARMS LIMITED LIABILITY COMPANY | CHAPTER 11 |
| DEBTOR | |

**CREDITOR BURKE AND HERBERT BANK'S LIMITED OBJECTION TO THE DEBTOR IN POSSESSION'S APPLICATION FOR THE ENTRY OF A FINAL ORDER AUTHORIZING EMPLOYMENT OF DENNERY, PLLC AS COUNSEL FOR DEBTORS IN POSSESSION AND RESERVATION OF RIGHTS**

Comes now secured creditor Burke and Herbert Bank ("B&H"), by and through its undersigned counsel, for its Limited Objection and Reservation of Rights (the "Objection") to the Application for the Entry of a Final Order Authorizing Employment of Dennery, PLLC as Counsel for Debtors In Possession [Docket No. 87] (the "Application") filed by Bare Arms Limited Liability Company (the "Debtor"), states as follows:

**BACKGROUND**

1. On July 21, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under subchapter V of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Since the Petition Date, the Debtor continues to possess its property and has continued operation of its business as debtor-in-possession, pursuant to Section 1184 of the Bankruptcy Code.

2. The Debtor filed its Schedules and Statement of Financial Affairs on August 4, 2025. [Docket No. 56.] In Schedule D, the Debtor acknowledges that B&H has a claim secured by "[a]ll business assets including all Inventory, Chattel Paper, Accounts, Accounts Receivables, Equipment, Furniture, Fixtures and General Intangibles…" worth $483,567.57, and a claim secured by real property located at 2134 East 5th Street, Huntington, West Virginia worth

$1,962,863.22. [Docket No. 56 at pg. 51.] Though not listed in the Schedules, Debtor did acknowledge B&H's secured claim in the real property located at 3502 Winchester Avenue, Ashland, Kentucky during its Meeting of Creditors held on August 15, 2025 and separately through counsel.

3. Further, the Statement of Financial Affairs provides that the Debtor paid Dennery, PLLC $3,000 for "pre-bankruptcy planning and work" and $13,038.00 for "[a]ttorney fees for bankruptcy filing and court fees" for a total of $16,038.00 (the "Retainer").[1] [*Id*. at pg. 67.]

4. On August 13, 2025, an Agreed Order Authorizing the Interim Use of Cash Collateral and Establishing Interim Adequate Protection Payments was entered (the "Interim Order"). [Docket No. 82.] Therein, the Interim Order provides that the Debtor shall segregate $688.00 each month into Dennery, PLLC's IOLTA account as an adequate protection payment to protect B&H's interest in its collateral. [Docket No. 82 at pg. 2.]  Further, during the interim period, the Debtor was authorized to carve out approximately $3,500.00 per month ($1,750.00 bi-weekly) in attorney's fees to be held in Dennery, LLC's IOLTA account. [*Id*. at pg. 3.]

5. On August 18, 2025, the Debtor filed its Application. [Docket No. 87.] Therein, the Debtor seeks authority to retain and employ Dennery, PLLC as counsel for the Debtor in this case.

6. On August 25, 2025, the Debtor filed a Monthly Operating Report (the "MOR") for August 2025 reflecting that the Debtor began the month with $13,180.08 cash on hand and ended the month with -$7,476.11 cash on hand. [Docket No. 92 at pg. 2.] The MOR also provides that the Debtor has paid Dennery, PLLC $13,738.00 since the beginning of the case. [*Id*. at pg. 3.]

---

[1] The Application provides that the Retainer was in the amount of $16,038.00, but only $8,900.00 of the initial Retainer remains in Dennery, PLLC's IOLTA account after considering fees utilized in the one-year period prior to the filing of the Debtor's petition through the date of the filing of the Application. [Docket No. 87 at pg. 3.]

**LIMITED OBJECTION**

7.  B&H has no current objection to the retention and employment of Dennery, PLLC as counsel for the Debtor. However, B&H objects to the Application on a limited basis to the extent it seeks this Court's approval of payment from the Retainer in the amount of $16,038.00 and especially to the extent such Retainer was paid out of or may constitute B&H's Cash Collateral. Based on discussions with Debtor's counsel, there is reason to believe this objection may be resolved prior to the October 15th hearing date. B&H otherwise reserves all rights to object to Debtor's request(s) to pay professionals' fees and/or restrict cash use for the reasons stated herein.

**ARGUMENT**

8.  A chapter 11 debtor's employment of counsel is governed by 11 U.S.C. § 327, under which court approval is required to employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title. 11 U.S.C. § 327(a).

9.  As provided above, B&H does not question the qualifications or skill of the Debtor's proposed counsel, Dennery PLLC; however, B&H objects on the following grounds:

**A.    The fees requested by Dennery PLLC are unreasonable based on the financial state of the Debtor and the Debtor cannot make adequate protection payments.**

10.  As provided in the Debtor's MOR, the Debtor's business is currently experiencing negative cash flow with a balance of -$7,476.11. [Docket No. 92.] It is unclear how the Debtor proposes to make payments to Dennery, PLLC while also paying even the inadequate interim adequate protection obligation to B&H pursuant to the Interim Order under its current financial

situation.[2] *See In re Shivshankar P'ship* LLC, 517 B.R. 812, 824–26 (Bankr. E.D. Tenn. 2014) (holding that where debtor offered no adequate protection, cash collateral could not be used to pay professionals); *See also* 3 Collier on Bankruptcy P 331.02.

11. The Interim Order allows the Debtor to use Cash Collateral, but based on the Debtor's cash flow, in its current state, professionals should not be paid as proposed. Further, under the current proposal, the Debtor cannot offer adequate protection to B&H; accordingly, B&H's Cash Collateral should not be used to pay the Debtor's professionals as provided for in *Shivshankar*.

12. The Debtor's property is largely encumbered. Thus, B&H's Collateral must be protected and certainly not depleted by the payment of professionals' fees. Allowing the payment of Dennery PLLC's proposed fees effectively allows the Debtor continued use of B&H's Collateral to the degradation of the value of the Collateral, while also running a negative cash balance. To allow such an outcome is patently unfair and should not be sanctioned by the Court.

**B.    B&H objects to the extent Dennery PLLC has been paid post-petition using B&H's Cash Collateral.**

13. It is unclear from the Debtor's MOR and Statement of Financial Affairs to what extent the Retainer has been funded by Cash Collateral belonging to B&H, if any. The Debtor has not provided an itemization of Dennery PLLC's fees to this point in the case. Rather, the Application provides that of the $16,800.00 pre-petition Retainer the Debtor has used $7,138.00 leaving $8,900.00 in Dennery, PLLC's IOLTA account. [Docket No. 87 at pg. 3.] *However*, the Debtor's MOR provides that the Debtor has paid professionals $13,738.00 in the month of August. [Docket No. 92 at pg. 3.] Assuming arguendo that the Debtor could utilize the Retainer and the

---

[2] Parties are in communication regarding the interim cash use portion of this objection and are continuing to work towards a hopeful resolution regarding the same.

4

Interim Order to maximize the fees to which Dennery PLLC is entitled, the $13,738.00 fee exceeds the $8,900.00 left in Dennery, PLLC's IOLTA account plus the monthly $3,500.00 carve out for attorney's fees in the Interim Order by $1,338.00. To the extent that these funds constitute Cash Collateral, B&H objects to its inclusion in the Debtor's Application.

## RESERVATION OF RIGHTS

14. Nothing herein shall be construed as a waiver or acquiescence with respect to any proposed employment, cash use, or sale of property pursuant to 11 U.S.C. § 363, including 11 U.S.C. § 363(f), or otherwise, and B&H expressly reserves all rights, including the right to object to future applications to employ, a sale of property, and/or a plan of reorganization/liquidation.

## CONCLUSION

15. Accordingly, while B&H has no objection to the retention and employment of Dennery, PLLC as counsel for the Debtor in this case, B&H objects to the Application to the extent it seeks approval of the use of any of B&H's Cash Collateral to fund the Retainer and/or for payment of the Debtor's professional fees, especially as it seems the Debtor cannot afford to make the proper adequate protection payments as contemplated by the Interim Order. Further, the Application requires clarification of what has been paid from the Retainer and what has been paid in excess of the funds disclosed and/or authorized thus far.

16. WHEREFORE, B&H respectfully requests that this Court enter an Order (i) overruling the Application, insofar as it seeks approval for the use of B&H's Cash Collateral to fund the Retainer and/or pay any of the Debtor's professional fees (ii) require additional disclosures regarding the amounts paid/received from the Debtor to Dennery PLLC and (iii) granting to B&H such other relief as may be necessary and/or appropriate under the circumstances.

\*\*\*

## NOTICE OF HEARING

Take Notice that this matter shall come before the Court for a hearing on October 15, 2025, at 10:30 a.m. at the U.S. Bankruptcy Court, Carl Perkins Federal Building, U.S. District Courtroom, 1405 Greenup Avenue, Suite 204, Ashland, KY.

Dated: September 2, 2025

Respectfully Submitted,

**DINSMORE & SHOHL, LLP**

By: /s/ Sara A. Johnston
Sara A. Johnston, Esq. (KBA # 96769)
Dinsmore & Shohl, LLP
100 W. Main Street, Suite 900
Lexington, Kentucky 40507
Telephone (859) 425-1000
Email: sara.johnston@dinsmore.com

*-and-*

/s/ Janet Smith Holbrook
Janet Smith Holbrook, Esq.
Dinsmore & Shohl, LLP
611 Third Avenue
Huntington, West Virginia 25701
Telephone: (304) 691-8330
Email: janet.holbrook@dinsmore.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was served on the 2nd day of September, 2025 to all the parties served by the Court via CM/ECF noticing.

By: /s/ Sara A Johnston
Sara A. Johnston
Dinsmore & Shohl, LLP
100 W. Main Street, Suite 900
Lexington, Kentucky 40507
Telephone (859) 425-1000
Email: sara.johnston@dinsmore.com

*Counsel for Burke and Herbert Bank*