UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
Ashland Division

In re:

Bare Arms Limited Liability Company,

Debtor.

Case No. 25-10174
Chapter 11

**Agreed Order Dismissing Case**

Paul A. Randolph, Acting United States Trustee, Bare Arms Limited Liability Company, and Burke & Herbert Bank and Trust Company ("B&H"), all by and through counsel, hereby state as follows:

1. The instant case was filed on July 21, 2025.

2. Beginning on August 13, 2025, Debtor and B&H entered into various agreed interim orders on the use of cash collateral. (The "Cash Collateral Orders;" ECF No. 82, 99, 125, and 135).

3. Pursuant to the most recent Cash Collateral Order [EFC no. 135], B&H reserved the right to terminate Debtor's authorization to use cash collateral upon the occurrence or non-occurrence of the certain conditions enumerated in the order.  ("Termination Event(s)").

4. On November 12, 2025, the United States Trustee filed the Motion of the United States Trustee to Convert or Dismiss Case (the "Motion to Convert or Dismiss"). ECF No. 137.

5. On November 24, 2025, B&H notified Debtor that it was terminating Debtor's right to use cash collateral because of the occurrence of various Termination Events.

6. Debtor does not contest the alleged defaults; however, the estate cannot continue to operate the business of the Debtor without the use of the cash collateral.

7. Based on the termination of the use of the cash collateral, the United States Trustee, B&H, and Debtor agree that "cause" is present to dismiss the above-captioned case under 11 U.S.C. § 1112(b)(1).

8. To preserve estate, judicial, and government resources, the Debtor consents to the dismissal of the above-captioned case.

9. According to the Debtor's schedules, it has approximately $2.1 million in estate assets, primarily consisting of $1.8 million in real estate and $142,000 in inventory. The Debtor's schedules state that B&H has a $1.9 million lien against the Debtor's real property and a separate $483,000 lien against the Debtor's business property. ECF No. 56, at 51. B&H has already obtained stay relief on portions of the Debtor's property.

10. If the above-captioned case were converted to chapter 7, it is unlikely that a chapter 7 trustee would be able to locate assets available for distribution to unsecured creditors.

WHEREFORE, based on the above, and the Court in all sufficient ways advised, it is HEREBY:

ORDERED that the above-captioned case is DISMISSED, and it is further

ORDERED that the above-captioned Debtor is barred from filing for bankruptcy protection in any jurisdiction under any chapter of the United States Bankruptcy Code for a period of one year from the entry of this Order.

**Have Seen and Agree**:

**Paul A. Randolph**
Acting United States Trustee

By:*/s/ Bradley M. Nerderman*
Tim Ruppel
Assistant U.S. Trustee
Bradley M. Nerderman
Trial Attorney
Office of the U.S. Trustee
100 E. Vine St., Suite 500
Lexington, KY 40507
(859) 233-2822

*/s/ J. Christian Dennery*
J. Christian Dennery
Attorney for the Debtor
Dennery, PLLC
PO Box 121241
Covington, KY 41012
Tel: (859) 692-3685
Fax: (859) 386-6726
JCDennery@denneryPLLC.com

*/s/ Martin B. Tucker*
Martin B. Tucker
Dinsmore & Shohl LLP
Attorney for Burke and Herbert Bank and Trust Company
100 West Main Street, Suite 900
Lexington, KY 40507
Tel: (859) 425-1000
Fax: (859) 425-1099
Martin.Tucker@Dinsmore.com

---

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Douglas L Lutz*
**Bankruptcy Judge**
**Dated: Tuesday, December 16, 2025**
**(dll)**